EDWARD M. ROSENTHAL, ADMINISTRATOR *v.*
MARTIN V. DUNPHY ET AL.

SUPERIOR COURT         FAIRFIELD COUNTY         FILE No. 88094

Memorandum filed April 27, 1953.

*Samuel H. Platcow,* of New Haven, for the Plaintiff.

*Hirschberg, Pettengill & Strong,* of Greenwich, *O'Keefe, Johnson & O'Keefe,* of New Haven and *Pullman, Comley, Bradley & Reeves,* of Bridgeport, for the Defendants.

MELLITZ, J. The second count of the complaint is based on § 4307 of the General Statutes, under which a seller of liquor may be made liable for damage caused by an intoxicated person. The defendant Greenwich Country Club demurs to this count on the ground that no action lies against a corporation under this statute.

Section 4307, which forms part of the Liquor Control Act, chapter 204 of the General Statutes, reads as follows: "Liquor Seller Liable for Damage by Intoxicated Person. If any person, by himself or his agent, shall sell any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication, shall thereafter injure the person or property of another, such seller shall pay just damages to the person injured, to be recovered in an action under this section."

Section 4222, also part of chapter 204, as amended by § 891b of the 1951 Cumulative Supplement, reads as follows: "Definitions. For the interpretation of this chapter, unless the context indicates a different meaning: . . . (13) The word 'person' means natural person and shall not include corporations, joint stock companies or other associations of natural persons."

Except for this restricted definition, the word "person" may extend and apply to corporations, in the construction of the statute. General Statutes § 8890. The question is whether in the context in which the word is used in § 4307 it is to be construed to include a corporation.

When the language of a statute is of doubtful meaning, its title and pre-existing legislation on the same subject are relevant considerations in ascertaining its true meaning. *Hazzard* v. *Gallucci*, 89 Conn. 196, 198.

Section 4307 was enacted as part of the Liquor Control Act in 1933. A somewhat similar statute, bearing an identical title, was in effect prior to the advent of national prohibition. Rev. 1918, § 2815. This statutory cause of action came into being in 1882. Public Acts 1882, c. 107, pt. 6, § 12. During the period while the statute was in effect there was no statutory definition of the word "person." However, in *Connecticut Breweries Co.* v. *Murphy*, 81 Conn. 145, 149, decided in 1908, where the court was considering the statute relating to the licensing of "suitable persons" to sell intoxicating liquors, the word "person" was construed to include a corporation. It cannot be doubted that the court would have similarly construed the word "person" in the statute then in force relating to the subject here under consideration.

The present Liquor Control Act contemplates that a corporation may be a "backer" or "proprietor" of a business where alcoholic liquor is sold. Cum. Sup. 1951, § 891b. No reason has been suggested why the legislature should have intended to exempt a corporate proprietor of a liquor business from liability for damage caused by intoxicated persons, while imposing such liability upon individual proprietors. The title, "Liquor seller liable for damage by intoxicated person," points to the only reasonable construction to be placed upon the statute and indicates clearly that no such distinction as here urged should be spelled out as the legislative intent. The words "liquor seller" in the title embrace all sellers of liquor. Had the legislature intended the restricted

statutory definition of "person" to apply to this statute, it would have been indicated by employing the word "persons" instead of "liquor seller" in the title.

It may be noted that the word "person" is used several times in § 4307 and obviously must be construed as including corporations in the last place where the word is used in the statute, i.e., in the clause, "such seller shall pay just damages to the *person* injured" (italics supplied). Unless the word "person" were construed in this clause to include corporations it would mean that where an intoxicated person caused injury to the "property of another" recovery could not be had if the property damaged belonged to a corporation.

The provisions of the Liquor Control Act appear to require that, except in the case of a railroad permit, liquor permits shall be issued only to individuals. §§ 4236, 4248, 4259, 4265. The purpose of the restricted definition of the word "person" in § 891b (13) may well have been to preclude an interpretation of the word "person" which would make a corporation eligible for a liquor permit, as was done in the *Connecticut Breweries Co.* case, supra.

For the reasons herein set forth, the demurrer is overruled.