LOUIS GOMBATZ *v.* ELIZABETH GOMBATZ

SUPERIOR COURT        HARTFORD COUNTY        FILE No. 106019

Memorandum filed September 27, 1957.

*John F. Downes,* of New Britain, for the plaintiff.

*Harold J. Eisenberg,* of New Britain, for the defendant.

SHAPIRO, J. On October 10, 1956, the plaintiff, on the ground of intolerable cruelty, obtained a decree of legal separation against the defendant. This defendant now appears seeking a decree finally dissolving and terminating the marriage. In the present proceedings an appearance was entered for the plaintiff, but he offered no evidence. In the enact-

ment of §§ 3006d and 3007d of the 1955 Supplement to the General Statutes, what was the legislative intendment?

The 1953 legislature had before it a bill providing that "[a]t any time after the entry of a decree of limited divorce, the party receiving the same may petition the Superior Court in the county where such decree was entered for an absolute divorce." During the same session, by virtue of a house joint resolution, the subject matter of a bill entitled "An Act concerning Legal Separation and Separate Maintenance of Husband and Wife" was referred to the legislative council, directing it to make a report of its findings, together with recommendations for legislation, to the 1955 session of the General Assembly.

Just prior to the convening of the 1955 General Assembly, a bill was introduced in the house entitled "An Act concerning Legal Separation" and bearing the language "Sponsored by the Legislative Council." Section 1 of this bill contained the identical language now in § 3006d, supra. Section 2 of this bill provided, in part, that "[a]t any time after the entry of a decree of limited divorce, either party may petition the superior court in the county where such decree was entered for an absolute divorce, and if the court shall find that the parties have not resumed marital relations since the entry of the decree of limited divorce, it may enter a decree of absolute divorce." From such information as is available to the court, it appears that a substitute bill was offered during the 1955 session, in lieu of the aforesaid section 2 and embodying the language now in § 3007d, supra. There appears to have been no debate or discussion on the matter. It is significant to note that in § 3007d, as adopted, all language terming this new relief a "divorce" was excluded.

Until the enactment of §§ 3006d and 3007d, supra, the only legal means of terminating a marriage in Connecticut was by annulment or divorce on certain specified grounds. By the enactment of § 3006d, a legal separation could be obtained on any of the grounds upon which a divorce might be predicated. By the enactment of § 3007d, after the entry of a decree of legal separation, either party, that is, the one having obtained the legal separation or the other former spouse, may petition the court where the decree was entered for a "decree finally dissolving and terminating the marriage." In order to grant such a decree, the court need only find that the parties have not resumed marital relations since the entry of the decree of legal separation. With the entry of the decree, the court is vested with powers as to existing orders and additional orders.

From the legislative history and final embodiment of the present statutory language it becomes clear that this new relief intended by § 3007d is not to be classified as, or termed, a divorce as we have come to know that term under the various pre-existing divorce statutes. It is an entirely new and additional remedy, not by which a divorce may be obtained subsequent to legal separation, but rather by which a "decree" may be entered "finally dissolving and terminating the marriage."

In the case at hand, the defendant by her testimony has shown that the parties have not resumed marital relations since the entry of the decree of legal separation. She has complied with the requirements of the statute. She is entitled to a decree.

A decree may enter finally dissolving and terminating the marriage of the parties to this action. The defendant is hereby permitted to resume her maiden name of Elizabeth Anne Orioli.