ELIZABETH T. LEE *v.* NICHOLAS LEE

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued May 8—decided June 17, 1958

*Albert L. Coles*, with whom was *John J. McGuinness*, for the appellant (defendant).

*Joseph P. Cooney*, with whom was *John F. Scully*, as amicus curiae.

*Milton J. Herman* appeared for the appellee (plaintiff) but did not argue the cause.

DALY, C. J. The plaintiff and the defendant were married on October 21, 1946. Three minor children are the issue of the marriage. In her complaint the plaintiff alleged that the defendant had been guilty of intolerable cruelty to her. She sought a legal separation, alimony, and custody and support of the minor children under the provisions of § 3006d of the 1955 Cumulative Supplement to the General Statutes.[1] By a judgment dated December 11, 1956, the

[1] "Sec. 3006d. LEGAL SEPARATION. In any case in which a divorce might be decreed the superior court, on petition of the party who would be entitled to a divorce, may decree a legal separation of the parties, which separation shall have in all respects the effect of a divorce, except that the parties shall not thereby be made free to marry any third person and except as hereinafter provided. Upon such petition the procedure shall be the same as in actions for divorce, and the court shall have the same power in all matters relating to temporary and permanent orders for alimony, custody and support of

court found that the defendant had been guilty of intolerable cruelty to the plaintiff and adjudged that she be legally separated from the defendant. In addition, the custody of the children was awarded to her, and the defendant was ordered to pay her alimony and also support for the children. On January 15, 1957, the defendant filed a petition for a decree dissolving and terminating the marriage in accordance with the provisions of § 3007d of the 1955 Cumulative Supplement,[2] alleging that he had not resumed marital relations with the plaintiff. The court denied the petition, and the defendant has appealed.

The defendant claims that as a matter of right he was entitled to a decree finally dissolving and terminating the marriage, asserting that the words "[the court] may enter a decree," as used in § 3007d, can only be construed as meaning "it must enter a decree."

The problem presented is one of statutory construction involving consideration of the terms of §§ 3006d and 3007d and the circumstances and conditions which may be deemed to have affected their intent and motivated their adoption. *Waterbury*

---

children, and to allowances, as in cases of divorce. The parties to such action may at any time resume marital relations, upon filing with the clerk of the superior court for the county in which the separation was decreed their written declaration of such resumption, signed, acknowledged and witnessed. Such declaration shall be entered upon the docket, under the entries relating to such petition."

[2] "Sec. 3007d. DIVORCE SUBSEQUENT TO LEGAL SEPARATION. At any time after the entry of a decree of legal separation, either party may petition the superior court in the county where such decree was entered for a decree finally dissolving and terminating the marriage, and if the court finds that the parties have not resumed marital relations since the entry of the decree of legal separation, it may enter a decree finally dissolving and terminating the marriage and may affirm or modify any existing orders and may enter any additional orders relating to alimony, custody and support of children and allowances as are usual in divorce cases."

*Savings Bank* v. *Danaher,* 128 Conn. 78, 81, 20 A.2d 455. In seeking to ascertain the legislative intent, we may look to the history of the statute and the policy underlying it. *State* v. *Cambria,* 137 Conn. 604, 606, 80 A.2d 516. Legislative intent is to be found not in what the legislature meant to say but in the meaning of what it did say. *Mad River Co.* v. *Wolcott,* 137 Conn. 680, 686, 81 A.2d 119. We are called upon to look beyond the literal meaning of the words to the history of the law, its language, considered in all its parts, the mischief the law was designed to remedy, and the policy underlying it. *Giammattei* v. *Egan,* 135 Conn. 666, 668, 68 A.2d 129. We must look, also, to the basic policy as disclosed by pre-existing legislation and the circumstances which brought about the enactment of the law under consideration. *Cedar Island Improvement Assn.* v. *Clinton Electric Light & Power Co.,* 142 Conn. 359, 364, 114 A.2d 535.

The statement of purpose of the bill (H.B. No. 72, 1955 Sess.) which ultimately became §§ 3006d and 3007d read: "To provide for legal separation in any case where a divorce might be granted." The title the bill bore was "An Act Concerning Legal Separations." The member who reported the bill on behalf of the committee on judiciary said: "[T]his bill allows the judicial system to decree legal separations in the State of Connecticut. It gives the Superior Court jurisdiction the same as if the case were for divorce and the courts have the same powers as in a divorce action with relation to alimony, custody and support of children and other allowances. It further provides that at any time after the entry of a decree of legal separation, either party may petition the Superior Court and apply for a decree to dissolve the marriage. . . ." 6 H.R. Proc., Pt. 5, 1955 Sess., p. 2376. We take judicial notice of this transcript of

the legislative proceedings. The statement was in the nature of a supplemental report and, like a committee report, may properly be considered as an aid to the determination of the legislative intent. *Bird* v. *Plunkett,* 139 Conn. 491, 504, 95 A.2d 71.

The first two sentences of § 3006d provide: "In any case in which a divorce might be decreed the superior court, on petition of the party who would be entitled to a divorce, may decree a legal separation of the parties, which separation shall have in all respects the effect of a divorce, except that the parties shall not thereby be made free to marry any third person and except as hereinafter provided. Upon such petition the procedure shall be the same as in actions for divorce, and the court shall have the same power in all matters relating to temporary and permanent orders for alimony, custody and support of children, and to allowances, as in cases of divorce." Section 7327 of the General Statutes, which was in effect when §§ 3006d and 3007d were adopted, provided: "The superior court shall have exclusive jurisdiction of all complaints for divorce, and may grant a divorce to any man or woman for any of the following causes: . . . ." It is clear that §§ 3006d and 3007d were intended to, and do, supplement the statutes governing divorces. They cannot be construed as furnishing grounds for the dissolution of a marriage additional to those provided in existing law. "As between courts of law and equity, divorce falls within the cognizance of the latter although, technically, it is a statutory action. Nevertheless, the relief granted is essentially equitable in its nature." *Kelsall* v. *Kelsall,* 139 Conn. 163, 167, 90 A.2d 878. "The Legislature can create equitable rights and provide equitable remedies as well as it can those cognizable in the law courts. Obviously the relief

given in a divorce action is not such as could be granted in a common-law court but is essentially equitable in its nature." *German* v. *German,* 122 Conn. 155, 161, 188 A. 429. It follows that any relief which may be granted to either party under the provisions of § 3006d or § 3007d is, like the relief which may be granted in an action for a divorce, essentially equitable in nature, and may be granted or denied in the discretion of the trial court. Consequently, the defendant was not entitled as a matter of right to a decree finally dissolving and terminating the marriage.

There is no error.

In this opinion the other judges concurred.