HILDA D. VIGLIONE *v.* SALVATORE VIGLIONE

SUPERIOR COURT   FAIRFIELD COUNTY AT BRIDGEPORT   FILE NO. 99143

Memorandum filed January 22, 1960

*Ferrio & Ferrio,* of Bridgeport, for the plaintiff.

*Julius W. Frankel,* of Bridgeport, for the defendant.

HOUSE, J. On January 4, 1957, this court entered, on petition of the plaintiff, a decree of separation of the parties. The decree also provided for alimony to the plaintiff and for custody of and support for the minor children. Subsequently, on February 8, 1957, the decree was modified to the extent that lump sum alimony was awarded to the plaintiff, the order for nominal annual alimony was vacated and the amount of support required from the defendant for the minor children was reduced.

The parties are now before the court on cross petitions for divorce as permitted by § 46-30 of the General Statutes. This statute provides that at any time after the entry of a decree of separation "either party" may petition "for a decree finally dissolving and terminating the marriage," and if the court finds that the parties have not resumed marital relations since the entry of the decree of legal separation, it "may" enter a decree "finally dissolving and terminating the marriage." No criteria for a determination by the court are provided in the statute. The relief which the court may grant is "essentially equitable in nature, and may be granted or denied in the discretion of the trial court." *Lee* v. *Lee,* 145 Conn. 355, 360. The basic question before the court is, therefore, whether on equitable principles either of the cross petitions for divorce should be granted.

In the present instance, it has already been determined by the decree of separation that the defendant was guilty of intolerable cruelty to the plaintiff, and were this the sole factor in the case it might

well be determinative of the equities. However, the situation is not so simple. The petition of the defendant not only seeks a divorce under the provisions of § 46-30 on the statutory ground that a decree of separation of the parties has been previously entered and that they have not since resumed marital relations but it in addition seeks a decree of divorce on the ground that since the decree of separation the plaintiff has committed adultery. Also, in addition to a divorce under the provisions of § 46-30 and on the grounds of adultery, the defendant seeks an order that the court vacate the decree of separation as subsequently modified and set aside the orders of alimony and support contained in those decrees.

Suspicious as the conduct of the plaintiff has been shown to be, the evidence falls short of the proof required to establish actual adultery on her part. See *Zeiner* v. *Zeiner,* 120 Conn. 161, 165; *Neff* v. *Neff,* 96 Conn. 273, 275. While her conduct is certainly not such as commends itself to the equitable consideration of the court, it has not been demonstrated that it is such as to justify granting to the defendant the relief which he seeks by way of a divorce on the ground of adultery. The court must therefore determine whether, under the circumstances, either of the parties should be granted a decree terminating the marriage under the provisions of § 46-30 on the sole ground that a decree of separation has heretofore been entered and the parties have not resumed marital relations. A really equitable determination of this question involves more than a summary dismissal of both of the petitions on the ground that the conduct of each of the parties has been such that the court will decline to exercise its equitable powers. The question of the legal status of the respective parties is too important and too uncertain to dismiss their cross peti-

tions without the fullest consideration of the consequences.

Before the adoption of §§ 46-29 and 46-30 in 1955, there was no provision for legal separation in this state. Once married, a man and woman acquired a status with well-defined rights and obligations, which status continued for life unless terminated by divorce. *Davis* v. *Davis,* 119 Conn. 194, 196. Only a judgment of divorce terminated the marriage relationship. *Krasnow* v. *Krasnow,* 140 Conn. 254. The provisions for separation of married persons "were intended to, and do, supplement the statutes governing divorces." *Lee* v. *Lee,* supra, 359. However, a decree of separation does not affect the married status of the separated persons. It creates "a terminable abnormal relation between husband and wife" which "cannot be said to affect the underlying marital status." *Pettis* v. *Pettis,* 91 Conn. 608, 618. " 'The relation of husband and wife is not dissolved. It only undergoes a very inconvenient suspension, and which is intended to operate as a continual invitation to the parties to return to their first love.' Chancellor Kent: *Barrere* v. *Barrere,* 4 Johns. Ch. (N.Y.) 187, 196." Id., 617. Schouler in his work, 2 Marriage, Divorce, Separation and Domestic Relations (6th Ed.) § 1304, uses rather colorful language to describe the situation. "Separation is that anomalous condition of a married pair which involves a cessation of domestic intercourse while the impediments of marriage continue. . . . they continue united in form and divided in fact. . . . they are cast loose upon the world without the right to love and be loved again; the thought of kindling fresh flames at the altar of domestic happiness is criminal . . . ."

That the statute providing for separation does not terminate the husband-wife relationship is evident from the historical background of such statutes

in the ancient ecclesiastical jurisdiction to grant divorces "a mensa et thoro," as detailed by *Beach, J.,* in *Pettis* v. *Pettis,* supra, 615. It is also apparent from the language of the statute. While it provides that the decree of separation "shall have in all respects the effect of a divorce, except that the parties shall not thereby be made free to marry any third person," the sentence contains the further provision "and except as hereinafter provided." What is thereafter provided is § 46-30, authorizing either party, without regard to fault, to petition for a decree which may be entered "finally dissolving and terminating the marriage." Until the marriage is dissolved and terminated, the parties remain husband and wife with all the common-law and statutory rights and obligations which pertain to that status except the right and obligation of cohabitation. It is the continuation of this status of marriage which permits the divorce petition of this defendant against this plaintiff on an allegation of adultery. Since there is nowhere any provision that a decree of separation in any manner affects other rights and obligations of married persons, it appears that despite a decree of separation each separated husband and wife retains all the statutory rights of property, inheritance and administration in the estate of the other together with all the obligations of the continuing marriage contract except for those concerned with cohabitation. There is justification for the opinion of *Beach, J.,* that the relation is "abnormal," and of Schouler that it is an "anomalous condition."

Undoubtedly this circumstance was a material factor in the decision of the legislature to permit "either" party to a separation proceeding to petition for a decree "finally dissolving and terminating the marriage." The proceedings in the action for separation establish the fault of one of the parties

to such a degree that the petitioner "would be entitled to a divorce" and the existence of those conditions "which seem to the legislature to make it probable that the interests of society will be better served and that parties will be happier, and so better citizens, separate, than if compelled to remain together." *Dennis* v. *Dennis,* 68 Conn. 186, 197. The existence of statutory grounds for a divorce must be established in such proceedings, such grounds as would justify the court in finally terminating the marriage relationship. It therefore is not a material change in the public policy of the state, such statutory grounds for terminating the marriage having once been established, to authorize the court on the petition of either party to change the final decree from one "a mensa et thoro" to one "a vinculo," thereby terminating not only the cohabitation rights and obligations of the parties but their property and inheritance rights and obligations and dissolving and terminating "finally" the marriage relationship where it appears that statutory grounds for divorce have previously been established and there is no prospect of reconciliation.

On a balance of the equities in support of these cross petitions, they are weightier on the side of the plaintiff, she having in the original proceedings established statutory grounds for divorce from the defendant for his intolerable cruelty. While it appears that the minor daughter of the parties has now left school and is seeking work and will soon be self-supporting, so that the order of support may well be modified when that happens, it does not appear that there should be any change in the existing orders for custody and support. Nor, in view of the financial condition of the parties, does it appear that any order should be entered for counsel fees for the plaintiff.

Accordingly, on the plaintiff's petition, pursuant to the provisions of § 46-30 of the General Statutes, a decree may enter finally dissolving and terminating the marriage of the parties and affirming the existing orders for custody and support of the minor children. The petition of the defendant is denied.