COUNTY OF NEW HAVEN *v.* HENRY A. PORTER ET AL.

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 91782
AT NEW HAVEN

Memorandum filed June 8, 1960

*Ellsworth B. Foote,* of New Haven, for the plaintiff.

*Julius Maretz,* of New Haven, for defendants M. Miller, M. Lederer and Amity Builders, Inc.

*Wilbur Duberstein,* of Westport, for named defendant.

*Brennan, Daly & Seymour,* of Bridgeport, for defendants W. Stoddard and Amity Builders, Inc.

House, J. This action has been brought by New Haven County alleging an agreement for the sale of certain real estate and a breach of the agreement. The pleadings having been closed, the plaintiff has claimed the case for the court trial list as a privileged case, stating, as the reason for privilege, "Action by County of New Haven, a sub-division of Government, which is more than 65 years old, and will demise by legislative action on October 1, 1960." The plaintiff thus seeks to take advantage of the provisions of § 52-192 of the General Statutes, which includes among cases entitled to privilege in the order of trial "actions brought by or against any person sixty-five years of age or older or who reaches the age of sixty-five during the pendency of the action."

Noting that § 1-1 of the statutes provides that in the construction of the statutes "the words 'person' and 'another' may extend and be applied to communities, companies, corporations, public or private, societies and associations," the plaintiff claims that it comes within the meaning of the word "person" as used in § 52-192 of the statutes. As used in the statutes, the word "person" has thus been construed to include corporate entities. See *Haliburton* v. *General Hospital Society,* 133 Conn. 61, 64; *Root* v. *Connecticut Co.,* 94 Conn. 227, 239; *Connecticut Brew-*

*eries Co.* v. *Murphy*, 81 Conn. 145, 149; *Rosenthal* v. *Dunphy*, 18 Conn. Sup. 271, 272.

The fundamental rule for the construction of statutes is to ascertain the intent of the legislature. *Leach* v. *Florkosky*, 145 Conn. 490, 497. All statutes are to be considered in the light of their history, language, the purpose they are designed to serve and the circumstances surrounding their enactment. *Lee* v. *Lee*, 145 Conn. 355, 358; *Wilson* v. *Miller*, 144 Conn. 212, 214; *Bergner* v. *State*, 144 Conn. 282, 288. Statements made on the floor of the house of representatives or the senate may properly be considered in determining the legislative intent. *Sullivan* v. *Town Council*, 143 Conn. 280, 285; *Lee* v. *Lee*, supra. The legislative history of this enactment leaves no doubt that by passage of the legislation the General Assembly intended to expedite the trial of cases of older individual litigants who might die or become incapacitated by age before a trial of their cases could be reached in ordinary course. There was no indication of any intent that a corporation which remained in existence for sixty-five years or more should receive any such consideration. See 7 H.R. Proc., Pt. 2, 1957 Sess., p. 991; 7 S. Proc., Pt. 2, 1957 Sess., p. 670.

The language of the statute, the obvious purpose to benefit individual litigants of advancing years, the legislative history of the statute and the absurd result of any other construction all lead to the conclusion that as used in § 52-192 of the General Statutes the word "person" must be restricted to its common meaning of a human being and does not include a corporate body or association. This case is, therefore, not within one of the statutory classes of case entitled to privilege in assignment for trial.

This does not mean, however, that the court is without power to grant the plaintiff's claim on other

grounds. It cannot be doubted that the Superior Court as a constitutional court of general trial jurisdiction is empowered to direct the order in which cases before it shall be tried as the ends of justice and the business before it may dictate. *State Bar Assn.* v. *Connecticut Bank & Trust Co.,* 145 Conn. 222, 231–233; *In re Appeal of Dattilo,* 136 Conn. 488, 492. Cases may at any time be placed upon a trial or assignment list for trial or disposition by order of the court. Practice Book § 128; see id. § 123.

Due consideration must always be given to the inevitable circumstance that if a more recent case is given the status of a privileged case it thereby secures a precedence and an advantage, in an earlier trial date, over other cases on the list, to their disadvantage. For this reason, the privileged status is granted only for good and just cause. The circumstances of the present action appear to justify such an extraordinary order. The plaintiff is a public governmental entity; *General Hospital Society* v. *New Haven County,* 127 Conn. 53, 56; whose existence will terminate October 1, 1960, by legislative action. General Statutes § 6-2a, effective Oct. 1, 1960. The ultimate disposition of certain of its assets may depend upon the judgment to be rendered in these proceedings, to the possible financial advantage of each town in the county or of the state.

Under the circumstances, it is in the public interest that the issues in this case be determined without undue delay. For this reason, and not for that cited by the plaintiff, the claim of privilege is allowed, and the case may be placed on the privileged list for trial.