ANN L. SCHAEFER v. FREDERICK SCHAEFER, JR.

SUPERIOR COURT    FAIRFIELD COUNTY    FILE No. 117426 F.R.
                  AT BRIDGEPORT

Memorandum filed October 20, 1965

*James E. Murray III,* of Fairfield, for the plaintiff.

*Relihan, Irwin & Aspinwall,* of Bridgeport, for the defendant.

DUBE, J. A decree of legal separation was had on June 12, 1963, in favor of the plaintiff. The parties have not resumed marital relations and continue to live separate and apart.

The defendant moves for a divorce after a decree of legal separation in accordance with § 46-30 of the General Statutes. The plaintiff objects to the granting of the divorce. The pertinent portions of § 46-30 read as follows: "At any time after the entry of a decree of legal separation, either party may petition . . . for a decree finally dissolving and terminating the marriage and, if the court finds that the parties have not resumed marital relations since the entry of the decree of legal separation, it may enter a decree finally dissolving and terminating the marriage . . . ."

It is apparent from the reading of the statute that in order to grant such a decree, dissolving and terminating the marriage, the court need only find that the parties have not resumed marital relations since

the entry of the decree of legal separation. *Gombatz* v. *Gombatz,* 20 Conn. Sup. 357, 359.

As between courts of law and equity, divorce falls within the cognizance of the latter, although technically it is a statutory action. Nevertheless, the relief granted is essentially equitable in its nature. *Kelsall* v. *Kelsall,* 139 Conn. 163, 167; *German* v. *German,* 122 Conn. 155, 161. The relief requested may be granted or denied in the discretion of the court, since the defendant was not entitled as a matter of right to a decree finally dissolving and terminating the marriage. *Lee* v. *Lee,* 145 Conn. 355, 360.

The plaintiff and defendant were married on January 20, 1962. The decree of separation was granted on June 12, 1963. The marriage was of short duration, and it does not appear that the parties will resume normal relationship. It would serve no reasonable purpose to keep the parties in a legal separation "a mensa et thoro."

A decree may enter finally dissolving and terminating the marriage of the parties and affirming the existing orders for custody and support of the minor child.