MILDRED L. SATTER *v.* HARVEY W. SATTER

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued November 2—decided December 9, 1965

*Elsie K. Nemore,* with whom was *Leon R. Nemore,* for the appellant (plaintiff).

*Sidney Vogel,* for the appellee (defendant).

MURPHY, J.  The plaintiff has appealed from a judgment rendered for the defendant dissolving and terminating  their marriage subsequent to the rendition of a decree of legal separation awarded to the plaintiff on the ground of the defendant's adultery. Despite the efforts of the plaintiff to retry the case in this court as evidenced by the twenty-five questions of law included in her request for a finding,

the thirty-seven paragraphs of her draft finding which she maintains should have been included in the finding and the overruling of twenty-two claims of law which she advanced in the trial court, there is but one question before us on this appeal: Did the trial court abuse its discretion in granting the defendant's petition to dissolve and terminate the marriage?

In 1955, the legislature enacted Public Act No. 390, now General Statutes §§ 46-29 and 46-30, which provided that a legal separation could be decreed upon the petition of a party on grounds which would have entitled that party to a divorce. Such a separation would have the effect of a divorce except that neither party would be free to marry any third party unless a decree dissolving and terminating the marriage was subsequently rendered upon petition of either party. The only restriction imposed by the act upon the court in granting a dissolution decree is that the court find that the parties have not resumed marital relations since the rendition of the decree of legal separation.

The parties were married in 1951. The plaintiff obtained her decree of legal separation on April 24, 1964. On September 17, 1964, the defendant filed his petition to dissolve and terminate the marriage. The trial court found that the parties had not resumed marital relations and granted the petition.

But one case, arising under the 1955 act, has reached this court on appeal since the enactment of the legislation. *Lee* v. *Lee,* 145 Conn. 355, 143 A.2d 154. We stated that the relief which may be granted to either party under this act is essentially equitable in nature and may be granted or denied in the discretion of the trial court. Id., 360. We held

also that the defendant in that case was not entitled as a matter of right to a decree finally dissolving and terminating the marriage. The same holds true in this case. But the court in the present case did not base its conclusion upon any claim that the defendant was entitled to the relief sought as a matter of right. The court weighed the equities and in the exercise of its discretion awarded the decree. There is nothing in the record before us upon which we can hold as a matter of law that there was an abuse of that discretion.

There is no error.

In this opinion the other judges concurred.