JULIA M. HATCH *v.* THOMAS E. HATCH

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued October 3—decided October 23, 1968

*John J. Sullivan,* for the appellant (plaintiff).

*Milton I. Caplan,* with whom, on the brief, was *Bernard J. Virshup,* for the appellee (defendant).

RYAN, J. In 1961, the plaintiff instituted an action against the defendant, alleging intolerable cruelty by the defendant and seeking a divorce, alimony, custody and support of the minor children. The plaintiff then amended her complaint, claiming a decree of legal separation pursuant to § 46-29 of the General Statutes instead of a divorce. In his answer, the defendant denied the allegation of intolerable cruelty and filed a counterclaim alleging intolerable cruelty on the part of the plaintiff and claiming a divorce from the plaintiff. The matter was referred to a state referee for a hearing. On May 24, 1963, upon acceptance of the referee's re-

port, the court rendered judgment for the plaintiff, granting her a legal separation from the defendant on the ground of intolerable cruelty. The court entered an order awarding the plaintiff custody and support of the minor child, alimony and counsel fees. On January 18, 1966, the defendant filed a petition for a decree finally dissolving and terminating the marriage under § 46-30 of the General Statutes. The plaintiff answered, admitting the allegations of the petition and setting forth two special defenses. In the first special defense, the plaintiff alleged that the defendant had failed to comply with the court's orders concerning alimony, support and counsel fees. In the second special defense, she pleaded res judicata by virtue of the judgment in the divorce action wherein the issue of intolerable cruelty was decided adversely to the defendant on the complaint and on the counterclaim. The trial court rendered judgment finally dissolving and terminating the marriage, and the plaintiff has appealed to this court.

The finding of the trial court is not subject to any material change and discloses the following facts: At the time of the rendition of the original judgment on May 24, 1963, the defendant was in arrears on payments of pendente lite orders for alimony and support of a minor child in the sum of $2325. The court ordered this amount to be paid as a lump sum, together with support in the amount of $400 a month ($200 for the child and $200 for the wife), plus counsel fees of $2000. The arrearage accrued because the defendant had been unemployed for a period of six months in 1962, during which time he lost $12,000 in earnings. In December, 1962, the defendant was transferred in his job to Chicago, where he lived with his mother until his return to the New York

area about April, 1965. While in Chicago he was heavily in debt, in arrears on his payments of alimony and support, and had difficulty with the Internal Revenue Service. During this time, the plaintiff engaged counsel to collect the sum due her. Both parties were represented by counsel. An agreement was entered into between the parties, and the proceedings were terminated. Since that time and particularly since April, 1965, the defendant made alimony and support payments regularly although a few of them were slightly tardy. The defendant was financially unable to pay the arrearages. He did not refuse to make the payments.

On February 25, 1966, when the defendant appeared in court on his petition for a decree finally dissolving and terminating the marriage, he was in arrears on payments of alimony, support and counsel fees in the approximate sum of $4000. At this time, the court had before it a motion of the plaintiff for modification of support and a motion that the defendant be held in contempt for his failure to make payments in accordance with the court's order. Because the defendant was in arrears, the court refused to hear his petition and granted the defendant permission to withdraw it without prejudice. In March, 1966, the defendant paid all arrearages in full. The defendant's petition for a decree finally dissolving and terminating the marriage was never withdrawn, and no other petition was filed. At the hearing on the petition on October 7, 1966, the plaintiff offered no objection, nor did she claim that the defendant's petition had been withdrawn. This claim was made by the plaintiff for the first time in her request for a finding and a draft finding. At the time of the hearing in October, 1966, the defendant was not in arrears on his payments under the court

order. Since the legal separation, the parties have not resumed marital relations, nor have they lived together since May, 1960. Neither party has any love for the other, nor has either of them attempted to bring about a reconciliation. There is no possibility of a reconciliation. Since the decree of separation, the defendant has been keeping company with a single woman, but no illegal or immoral relationship has existed between them, and the defendant does not presently contemplate marriage with her. The plaintiff believes that the defendant intends to marry this woman and wants to prevent it.

The trial court reached the following conclusions: (1) The parties have not resumed marital relations since the decree of legal separation was entered. (2) The fact that the defendant was denied a divorce in his counterclaim is not res judicata of the present petition. (3) Although the defendant at times has been in default of payments, at the time of the hearing he had complied with support and alimony awards. (4) The court having weighed the equities, the defendant is entitled to a decree finally dissolving and terminating the marriage.

The plaintiff claims that the trial court was without jurisdiction to render a decree terminating the marriage because, when the petition first came before the court, it refused to hear it upon finding that the defendant was in default as to payments due under the court's orders and it granted permission to the defendant to withdraw his petition. She urges further that the court ordered that the petition be withdrawn and that thereafter no further petition was served upon her by the defendant. The finding, which is not subject to correction, indicates clearly that the defendant was given permission to

withdraw his petition without prejudice and that he did not withdraw it. No order to withdraw the petition was ever made by the court, and there is therefore no necessity to discuss the efficacy of such an order. When the matter was heard by the court in October, 1966, it was based on the original petition. The plaintiff's claim of lack of jurisdiction finds no support in the record.

The plaintiff assigns error in the refusal of the trial court to sustain her special defense of res judicata. It is her claim that, the defendant's counterclaim seeking a divorce from the plaintiff on the ground of intolerable cruelty having been decided adversely to him in the original action, the defendant's right to a divorce was then in issue and fully litigated, and the judgment of the court judicially foreclosed the defendant from further application of a right to terminate the marriage. "A final judgment on the merits is conclusive on the parties to an action . . . as to the cause of action involved. If the same cause of action is again sued upon, the judgment is conclusive with respect to any claims relating to the cause of action which were actually made or might have been made." *Bridgeport Hydraulic Co.* v. *Pearson,* 139 Conn. 186, 196, 91 A.2d 778. The plaintiff urges that the present petition embraces the same cause of action involved in the original suit.

Section 46-30 provides that at any time after the entry of a decree of legal separation either party may petition the Superior Court for a decree terminating the marriage. Upon a finding by the trial court that the parties have not resumed marital relations, the relief which may be granted to either party under the act is essentially equitable in nature and may be granted or denied in the discretion of

the trial court. *Satter* v. *Satter,* 153 Conn. 230, 231, 215 A.2d 415; *Lee* v. *Lee,* 145 Conn. 355, 360, 143 A.2d 154. The entry of the decree of legal separation in the original action must be predicated on the existence of at least one of the statutory grounds for divorce recited in § 46-13 of the General Statutes. There is no such requirement for the granting of the petition for a decree terminating a marriage. In granting a petition under § 46-30, the trial court "may affirm or modify any existing orders [as it did in the instant case] and may enter any additional orders relating to alimony, custody and support of children." The defendant is not seeking a divorce from the plaintiff predicated on any of the statutory grounds set forth in § 46-13. The petition does not involve a redetermination of the issue of intolerable cruelty which was decided in the original action, nor does it involve a determination of any statutory ground for divorce which might have been decided in the original action. It is not in any sense the same cause of action. The trial court was correct in its conclusion that the matter is not res judicata.

The final claim of the plaintiff is that, on the facts of this case, the court erred in granting equitable consideration to the defendant. Our cases have indicated that, under General Statutes § 46-30, the relief sought is not a matter of right but is equitable in nature, and the trial court was cognizant of this. Its conclusion that, on weighing the equities, the defendant was entitled to the relief sought is reasonably supported by the finding. The claim of the plaintiff that the court abused its discretion cannot be sustained.

There is no error.

In this opinion the other judges concurred.