[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM AND ORDER STAYING PROCEEDINGS
On December 2, 1997, the parties in this case reported to court in connection with a scheduled pretrial conference.
At that time, the defendant Astrid A. Sundwall — who has brought a third-party action against Margaret M. Allen, Steven Clark, and his wife Jeanette Clark — asserted that this case had been stayed in its entirety as a consequence of an automatic stay in effect in the bankruptcy court, obtained by Steven Clark, a debtor in that court in Case Number 97-020356. See Astrid A. Sundwall's November 12, 1997, Motion to Stay Proceedings; see also Astrid A. Sundwall's November 24, 1997, Claim for Statutory Exemption or Stay By Reason of Bankruptcy, including a November 24, 1997, Affidavit in Support of Claim for Statutory Exemption or Stay By Reason of Bankruptcy, filed by Attorney Laura Gold Becker, who represents Ms. Sundwald in connection with an adversary proceeding pending in the United States Bankruptcy Court for the District of Connecticut at Hartford, bearing the title of Astrid Sundwall, Desiree Hennesseyand Sean Hennessey v. Steven Michael Clark d/b/a ClarkConstruction and Development, having Case Number 97-20356 and Adversary Proceeding Number 97-2153. The court is also aware of the fact that as a consequence of the stay obtained by Steven Clark in the bankruptcy court, proceedings in the related matter of Steven Clark v. Astrid Sundwall, et al., Docket No. CV 95-0068261, pending at the Judicial District of Litchfield at Litchfield, were previously ordered stayed.
As a consequence of Ms. Sundwall's argument that this case had been stayed in its entirety, the court ordered briefs addressing the issue. The court has now reviewed Ms. Sundwall's December 12, 1997, submission, captioned Objection to Court Order Regarding Automatic Stay Currently in Effect In the Above Captioned Case; Third Part Defendant Margaret Allen's December 17, 1997, Brief Regarding the Applicability of the Automatic Stay Under 11 U.S.C. § 362.; and plaintiff General Building Supply's CT Page 12911 December 17, 1997, Memorandum of Law Re: Bankruptcy Stay. Plaintiff's brief notes, at page 2, that Judge Aurigemma on November 3, 1995, granted plaintiff's motion to sever the third-party complaint from the main case, although the main case and the third party action retain the same docket number.
A hearing in this matter was held on December 19, 1997.
As a general proposition, the automatic stay afforded under 11 U.S.C. does not apply to non-debtor co-defendants. As a general rule, the automatic stay applies only to debtors who have sought to avail themselves of the protection of the bankruptcy laws. See cases cited at page 5 of plaintiff's December 17, 1997, Memorandum of Law, including but not limited to Re: Smith,14 Bank. Rptr. 956 (Bankr. D. Conn. 1981); Re: McDonald/Associates.Inc., 54 Bankr. Rptr. 865 (Bankr. D. R.I. 1985); and Re: NashvilleAlbum Productions. Inc., 33 Bankr. Rptr. 123
(Bankr. Rptr. M.D. Tenn. 1983). Consequently, with respect to the main case of General Building Supply v. Astrid A. Sundwall, Et Al., the automatic stay would not normally apply because none of General Building Supply's claims are directed against the debtor, Steven Clark, or his estate. With respect to the third-party case brought by Mrs. Sunwald — except as to Steven Clark, the debtor in bankruptcy court — the same is true, although, as third-party defendant Margaret Allen argues in her December 17, 1997, submission, the claims against debtor and the non-debtor codefendants are to a large extent inextricably intertwined.
As a practical matter, given the intertwined nature of some of the claims, and in light of the desirability of preserving judicial resources and the resources of the parties, the most appropriate course of action is for the court to stay all proceedings in this case at least until the proceedings in the bankruptcy court have been concluded. Practice Book Section 271;In the Matter of Presnick, 19 Conn. App. 340, 347 (1989); Countyof New Haven v. Porter, 22 Conn. Sup. 154, 157 (Superior Court 1960). While this stay will admittedly occasion further delay, piecemeal litigation or these matters in different courts is not advisable, to the extent that it can reasonably be avoided. This conclusion is buttressed by the fact that the parties have indicated a preliminary willingness to voluntarily and consensually — and not in response to an order of the court — submit some or all of their disputes to an alternative dispute resolution mechanism. In the court's view, the stay being ordered today will give the parties further time to work toward a CT Page 12912 resolution of these matters in a manner most consistent with the effective use of judicial resources, and their own.
Therefore, in light of the automatic stay which by operation of law affects a portion of the pending proceedings, and in consideration of the court's inherent power to control proceedings so as to minimize the unnecessary expenditure of time and resources, it is the order of the court that the matter ofGeneral Building Supply v. Astrid A. Sundwall, Et. Al., Docket No. CV92-0534894S, and the third party action brought by Ms. Sundwald against Margaret M. Allen, Steven Clark, and Jeanette Clark, be stayed in all respects until further order of this court. The presently scheduled trial date of January 6, 1998, is hereby continued to a date to be established at a later time after the stay now being ordered is lifted.
The parties are ordered to report to the court at such time as the matters pending in bankruptcy court are resolved so that this court can consider a variety of issues, including the appropriateness of vacating the stay today being ordered, and such scheduling matters as may then exist.
Douglas S. Lavine Judge, Superior Court