[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF FACTS
On May 30, 1996 Marilyn Irizarry (hereinafter "mother") gave birth to a child Daniel A. Rivera. The respondent Edwin A. Rivera (hereinafter "respondent") and the mother had had two older children together which the respondent had acknowledged and for whom he had been ordered to pay support. (Transcript pp. 2-3.) The respondent, however, had not acknowledged Daniel.
It is undisputed that the mother and all three children were not receiving assistance at the time that the matter was before the court, but they had been receiving State assistance for a twenty-six (26) week period from April 29, 1997 through October 31, 1997. (See State's exhibits A-C.) The respondent testified that he and the mother were living apart during that period of time and that he was not supporting the children while they were apart. (Transcript pp. 4, 5 and 10.)
The State of Connecticut filed a paternity petition alleging that the respondent was the father of Daniel. The Magistrate found that the State of Connecticut had properly brought a paternity action before the court because the State had "to establish paternity if he wasn't voluntarily [agreeing] to it." (Transcript p. 7.) The Magistrate refused to award the relief requested by the State. The Magistrate determined that the State should modify the order for the two older children rather than enter an order under the petition before him. (Transcript p. 8.) Secondly, he determined that because an order had entered for the couple's two older children that order was res judicata for this child. (Transcript p. 9.) Lastly, he determined that since the respondent and the mother had times in their relationship where the respondent lived apart from the family without providing support, and the parents had reconciled and separated at different times, the State should bring an action under the "recovery statute" instead of pursuing recovery under the action validly before the court.
 DISCUSSION
This Court finds that the Magistrate erred when he failed to award arrearages to the State of Connecticut pursuant to its claim under Conn. Gen. Stat. §§ 46b-160 and 46b-162 because the failure to award the relief requested was affected by error of law. CT Page 5965
I. CONNECTICUT LAW REQUIRES THE COURT TO ENTER SUPPORT ORDERS IN A PATERNITY ACTION
A. The State of Connecticut Has A Right To Past Due Support As Part Of The Relief Requested In A Paternity Action
The Magistrate erred when he failed to enter arrearages due to the State of Connecticut in the paternity action before him because Connecticut law requires the court to address support orders whenever it hears a paternity petition. As the Magistrate agreed, the paternity petition was properly before him. Conn. Gen. Stat. § 46b-160(a) requires the Magistrate to hear paternity petitions if the child is receiving assistance from the State of Connecticut pursuant to a petition requiring the putative father to appear in court "to show cause, if any he has, why the request for relief in such petition should not be granted." In this case, the respondent did appear and did not show cause why the relief requested by the State should not be granted. The State requested as its relief that the Court find the respondent to be "the father of the child and order him charged to be liable for financial and medical support and maintenance of the child." (See Paternity Petition [ ] 2.) The support and maintenance that the State requested was past due support for the time period that the mother was receiving State assistance. In this case, the respondent did not show cause why the relief requested should not be ordered, and therefore, the court should have ordered the requested relief.
A court must enter a support order either for current or past support to properly conclude a paternity action. In Sasso v.Aleshin, 197 Conn. 87, 91, 495 A.2d 1066 (1985), the court below had reopened a stipulated judgment regarding arrearages due to the State in a paternity matter, and denied the defendant's motion to dismiss. The defendant appealed the motion to dismiss. The Connecticut Supreme Court dismissed the defendant's appeal finding the paternity judgment to be only a partial judgment and that
 The defendant's rights are not concluded in this case because judgment was not entered against him with respect to the amount he was required to pay to the state. This situation is similar to that in which a judgment is entered as to liability only, without reference to damages. Such a judgment, interlocutory CT Page 5966 in character, is not an appealable final judgment.
Therefore, based on the holding in Aleshin, the magistrate was required to enter an arrearage finding because without judgment entered against him with respect to the amount he was required to pay to the state, the respondent's rights would not be concluded.
II. THE MAGISTRATE IMPROPERLY DETERMINED THAT THE STATE SHOULD FILE A NEW ACTION TO COLLECT WHAT IT WAS ENTITLED TO COLLECT PURSUANT TO THE PATERNITY ACTION PROPERLY BEFORE THE COURT
A. The Magistrate Erred When He Found That The State Seek Relief Through A Motion to Modify
The Magistrate erroneously found that the State of Connecticut could recover the requested relief by filing a motion to modify. Conn. Gen. Stat. § 46b-86 provides authority by which a judge or family support magistrate may modify "any order for the periodic payment of permanent alimony or support." However, Conn. Gen. Stat. § 46b-86 also provides that "no order for . . . support may be subject to retroactive modification, except that the court may order modification with respect to any period during which there is a pending motion for modification of an alimony or support order from the date of service of notice of such pending motion upon the opposing party. . . ." In the action before the court the State could not possibly have brought a modification, because no permanent order for support was in effect for this child. Even if it were appropriate to modify the support order of the other two children to include this third child once the paternity had been established, the State would not be entitled to relief under the modification statute because the modification statute precludes retroactive modification except to the date of service of the modification.
B. The Support Order Entered For The Two Older Is Not Res Judicata For Support For The That Is The Subject of The Paternity Action
The magistrate also erred when he found that the order for the two older children was res judicata for the support of the child who was the subject of the paternity action before the court. To determine whether CT Page 5967
 two causes of action are "the same" for the purposes of res judicata. The majority of courts have relied on the Restatement of Judgments, 61-67, for the definition of identical causes of action for res judicata purposes. See Lawlor v. National Screen Service Corporation, 349 U.S. 322, 328 75 S.Ct. 865, 99 L.Ed. 1122; Kaufman v. Somers Board of Education, 368 F. Sup. 28, 32 (D.Conn.). The "operative facts" of a claim determine whether such a claim is identical to a previously litigated cause of action; if the evidence needed to sustain the second action would have sustained the first action, then the first judgment is res judicata on the second claim. Slattery v. Maykut, 176 Conn. 147, 405 A.2d 76 (1978) citing Restatement, Judgments 61; 1B Moore's Federal Practice 0.410 [1], p. 1158; cf. Jensen v. Nationwide Mutual Ins. Co., 158 Conn. 251, 258-59, 259 A.2d 598; Hatch v. Hatch, 157 Conn. 85, 90-91, 249 A.2d 241.
In the action before the court, the evidence needed to sustain the second action would not have sustained the first action. In the first action part of the evidence before the court was the number of children and names of the children requiring support at that time. The evidence before the court in the second action was the paternity of a third child who had not even been conceived when the first action was before the court. Therefore, the court in the first action could not possibly have considered the matter before the court in the paternity action and the prior action could not possibly be res judicata for the action presently on appeal.
For all the foregoing reasons, the court overturns the Magistrate's decision and remands the matter to the Magistrate for the entry of arrearage orders.
Booth, J.