CATHERINE S. B. KELSALL *v.* ARTHUR E. KELSALL

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued June 5—decided July 22, 1952

164

*Saul Kwartin,* with whom was *Sydney C. Kweskin,* for the appellant (plaintiff).

No appearance for the appellee (defendant).

JENNINGS, J. The plaintiff was denied a divorce and appealed. The defendant was not represented. The following facts are found: The plaintiff and the defendant were married at Stamford on January 15, 1948. The defendant deserted the plaintiff January 20, 1949, and continued such desertion to the date of trial, March 7, 1952. At that time the plaintiff had been a resident of Connecticut for more than ten years. She brought suit for divorce on the ground of intolerable cruelty on October 23, 1951. On January 31, 1952, the plaintiff, with permission of the court and after personal service on the defendant, filed an amendment to the complaint. This contained a second count alleging desertion on January 20, 1949. The case was tried on the second count. On these facts the court concluded that the plaintiff was not entitled to a decree of divorce because the three-year period of desertion had not elapsed at the time suit was instituted. The question to be determined is the date suit was instituted. If that date was the date of the original complaint based on intolerable cruelty, the three years required for a decree on the ground of desertion had not expired and the conclusion of the court was correct. If the date of instituting the suit was that of the filing of the amendment, there had been desertion for three years and the plaintiff was entitled to a decree as far as the time element was concerned. General Statutes § 7327.

An amendment to a complaint relates back to the institution of the action for some purposes; *Clover Mfg. Co.* v. *Austin Co.,* 101 Conn. 208, 218, 125 A. 646; but when it sets up a new and different cause of action it speaks as of the date when it is filed. *Consolidated Motor Lines, Inc.* v. *M & M Transportation Co.,* 128 Conn. 107, 108, 20 A.2d 621; *Arpe* v. *Mesker Bros. Iron Co.,* 323 Mo. 640, 648, 19 S.W. 2d 668; *East Line & R. R. Ry. Co.* v. *Scott,* 75 Tex. 84, 86, 12 S.W. 995; *Buntin* v. *Chicago, R. I. & P. Ry. Co.,* 41 F. 744, 749; 41 Am. Jur. 509, § 315; 71 C.J.S. 713. To be valid, it must state a cause of action which exists at that time. A cause of action must arise from a single group of facts. *Veits* v. *Hartford,* 134 Conn. 428, 434, 58 A.2d 389. Acts amounting to intolerable cruelty and acts amounting to desertion do not constitute a single group of facts. They are separate and distinct. An amendment to a complaint for divorce on the ground of intolerable cruelty which sets up desertion in a new count is the statement of a new cause of action. *McCrocklin* v. *McCrocklin,* 2 B. Mon. (41 Ky.) 370; *Quinn* v. *Quinn,* 125 Pa. Super. 359, 364, 189 A. 705; *Hemenway* v. *Hemenway,* 65 Vt. 623, 624, 27 A. 609. It follows that the suit for divorce on the ground of desertion was instituted on the date of filing the amendment, that the statutory period of three years had expired at that time and that the denial of the decree on the ground stated was error.

The foregoing holding disposes of the rather narrow issue assigned as error on the appeal. The court in its memorandum and the plaintiff in her brief have discussed other related matters. Because they may be pertinent on a new trial, they will be noticed. *Boardman* v. *Burlingame,* 123 Conn. 646, 655, 197 A. 761.

Practice Book, § 238, reads as follows: "Amendment in divorce action. In any action for a divorce an amendment to the complaint which states a ground for divorce alleged to have arisen since the commencement of the action may be filed with permission of the court." This rule permits the action taken by the plaintiff. It was adopted in 1938. We take judicial notice of the fact that the practice in the Superior Court at that time in regard to this matter was not uniform. Some judges were granting divorce decrees on amendments to complaints similar to that in the suit at bar and some were denying them. A primary purpose of the rule was to secure uniformity of procedure. The trial court refused to apply the rule in the case at bar because it went beyond the rule-making power of the judges.

The courts have the power to make rules regarding procedure. *In re Appeal of Dattilo,* 136 Conn. 488, 492, 72 A.2d 50; see Maltbie, "The Rule-making Powers of the Judges," Practice Book, p. xi. The basic question is whether the rule in question affected substantive rights or was merely a rule governing practice and procedure.

The statute entitles a plaintiff to a divorce on the ground of desertion in the discretion of the court whenever the defendant has continued the desertion for three years. That right is no different whether he seeks to enforce it by amending his complaint in an action already pending or by instituting a new action. In either event he obtains his divorce if, but only if, his cause of action has matured at the time he files his amendment or starts his new suit. It follows that the rule adopted by the judges which permits a party whose cause of action for divorce has arisen after the commencement of his action to allege that cause of action in an amendment instead

of compelling him to start a new action does not affect substantive rights.

It is a well-recognized practice in equity to permit new matter arising subsequent to the complaint to be alleged in a supplemental pleading. *Duessel* v. *Proch,* 78 Conn. 343, 350, 62 A. 152. In *Steele* v. *Steele,* 35 Conn. 48, 53, the allowance of an amendment to a divorce complaint alleging desertion which had matured after the institution of the action was criticized. The basis of the criticism was that, a divorce action being a statutory proceeding, the equity practice of supplemental pleading was not available. The following, however, appears in the opinion (p. 54): "But the manner in which the Superior Court shall proceed to hear and determine the application, and the rules by which it shall be governed, are not prescribed by the statute, and both are left to its discretion. In the reasonable exercise of that discretion the court may adopt the rules of the common law, or of equity, so far as the exigencies of the case may require. The action of the court in permitting the petitioner to file a supplemental petition was not therefore void." As between courts of law and equity, divorce falls within the cognizance of the latter although, technically, it is a statutory action. Nevertheless, the relief granted is essentially equitable in its nature. *German* v. *German,* 122 Conn. 155, 161, 188 A. 429. Whether the Superior Court of this state shall follow the equity practice of allowing matters arising subsequent to the institution of a divorce case to be brought into the case by an amendment in the nature of a supplemental complaint or will adhere to the common-law practice of limiting inquiry to matters as they existed at the time of the institution of the action is purely a question of practice and procedure.

*Mercer* v. *Mercer,* 131 Conn. 352, 354, 39 A.2d 879.

The rule not only has been recognized but has been implemented by the General Assembly. General Statutes, Rev. 1930, § 5180, provided for a ninety-day waiting period before a hearing could be had on a complaint for divorce. In 1947, after the passage of the rule, this statute was amended to provide: "Whenever a divorce is claimed under cross-complaint, amended complaint or amended cross-complaint, such case may be heard and a decree granted thereon after the expiration of ninety days from the date on which the original complaint in such action is made returnable and twenty days after such cross-complaint, amended complaint or amended cross-complaint has been filed with said court." General Statutes, Sup. 1947, § 1352i (Rev. 1949, § 7333). This statute affects all divorce actions. It requires a ninety-day waiting period between the date the suit is instituted and the hearing is had. It is not concerned with defining the grounds for divorce contained in § 7327 but deals only with a procedural matter. Its requirements are met if ninety days have elapsed after the institution of the original suit and twenty days after the filing of the amendment.

These additional considerations strengthen our conclusion that Practice Book, § 238, does not affect substantive rights and is no more than a procedural regulation. It is to be noted that the granting of permission to file an amendment lies within the discretion of the trial court. If there is any indication of an intention to use the rule for any improper purpose, the application for permission to amend should be denied.

The granting of a decree of divorce lies in the court's discretion. *Dennis* v. *Dennis,* 68 Conn. 186,

197, 36 A. 34; *Mercer* v. *Mercer,* 131 Conn. 352, 354, 39 A.2d 879. A new trial rather than a judgment for the plaintiff should therefore be ordered.

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.