LINDA GUSTAMACHIO ET AL. *v.* RICHARD G. FOSTER
ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE NO. 124533

Memorandum filed December 12, 1961

*Herbert Watstein,* of Bristol, for the plaintiffs.

*Bernard D. Gaffney,* of New Britain, for the defendants.

FITZGERALD, J. As originally drawn, the complaint of the plaintiffs was in two counts, the first being directed against the defendants Foster in negligence and the second, in the alternative, against the defendant city of Bristol for breach of the statutory duty regarding care and maintenance of streets. By memorandum of decision filed June 7, 1961, the court *(Pastore, J.)* sustained the demurrer of the defendant city as to the original second count directed against it on grounds other

than the one now pressed by the present demurrer, as on file. Thereafter, the plaintiffs filed an amended second count to meet the defects appearing in that count as originally drawn. The defendant city now demurs to the second count as amended on the ground that it "fails to allege the giving of written notice to the defendant city as required by § 13-11 of the Connecticut General Statutes."

The date of the alleged occurrence or episode (icy highway) is that of February 8, 1961, and the alleged statutory liability of the defendant city is contingent, among other things, upon the "thirty days" written notice, "unless the action is commenced by complaint setting forth the injury and a general description of the same and the cause thereof . . . within the time limited for the giving of such notice." Ordinarily, the time when an action is regarded as having been brought is the date of service of the writ upon a defendant. *Consolidated Motor Lines, Inc.* v. *M & M Transportation Co.,* 128 Conn. 107, 109. The officer's return as on file discloses that service was made on the defendant city February 14, 1961, being within thirty days of February 8, 1961.

While the plaintiffs style a redrafting of the original second count of their complaint directed against the defendant city, filed June 17, 1961, as "Amendment to Complaint," it is in reality a substituted count in lieu of the original second count. Written notice to the defendant city was dispensed with in the first instance if the subject of the original second count could be said to satisfy the statutory requirements as to written notice because the action was commenced within the period of thirty days following February 8, 1961. The second count in its present form, being in substitution of the original second count, could have alleged that notice was given to the defendant city by service upon it of

the original complaint on February 14, 1961. Compare *LoRusso* v. *Hill*, 139 Conn. 554, 556, 558. It does not do so.

Whether a further amendment to the second count can cure the present omission regarding the alleging of notice to the defendant city in the light of the rule relating to the effective date of the subject of an amendment considered in *Kelsall* v. *Kelsall*, 139 Conn. 163, 165, is not before the court. So also whether the subject of the second count, as originally drawn, meets the statutory requirements of proper notice as to form, is likewise not before the court. These considerations may give rise to additional questions at a later day.

The demurrer to the second count as amended, actually a substituted count, in lieu of the original second count, is required to be sustained on the ground stated in the interposed demurrer.