[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant moves for summary judgment as to the third and fourth counts of the plaintiff's amended substitute complaint because the claims brought by the plaintiff in these counts are barred by the statute of limitation. CT Page 4877
On May 4, 1990, the plaintiff, Darlene Blanc, filed a two count complaint against the defendant, Steven Botticello.[1] In the first count, the plaintiff alleges that she was operating a motor vehicle, and that she was involved in a collision with the defendant on April 26, 1988. Plaintiff alleges that the collision was caused by the defendant's negligence, in that the defendant operated his vehicle while under the influence of alcohol, in violation of General Statutes 14-227a; and in that the defendant failed to keep his motor vehicle in the right lane, in violation of General Statutes 14-230.
In the second count, the plaintiff reiterates her allegations of the first count, and alleges further that the collision was caused by the defendant's negligence, in that the defendant failed to control his vehicle; in that the defendant failed to keep a lookout for other motor vehicles; and in that the defendant failed to turn his vehicle to avoid a collision.
On August 27, 1990, the plaintiff filed a substitute complaint.[2] In the first two counts, the plaintiff reiterates her allegations of the first two counts of the original complaint. In the third count, the plaintiff reiterates her allegations of the first count, and further alleges that the collision occurred because the defendant deliberately and/or with reckless disregard violated General Statutes 14-227 and 14-230. In the fourth count, the plaintiff reiterates her allegations of the first count, and further alleges that the collision was caused by the defendant's intentional acts in that the defendant wilfully, knowingly, and purposefully violated General Statutes 14-227a and 14-230. Plaintiff alleges that the defendant's intentional acts constituted an assault and battery upon the plaintiff.
On December 6, 1991, the defendant filed an answer and the special defense that the allegations of the third and fourth counts are barred by the applicable statute of limitations, General Statutes 52-584. On the same date, the plaintiff filed a reply to the special defense and an amended substitute complaint.[3] The amended substitute complaint differs from the substitute complaint in that the plaintiff deleted claims for double and treble damages. CT Page 4878
On January 27, 1992, the defendant filed a motion for summary judgment as to the third and fourth counts of the plaintiff's amended substitute complaint based on the statute of limitations defense. Accompanying the motion for summary judgment is a supporting memorandum of law. on January 31, 1992, the plaintiff filed a memorandum of law in opposition to the motion for summary judgment.
"The function of the trial court in ruling on a motion for summary judgment is to determine whether there is a genuine issue as to any material fact. . . ." Town Bank and Trust Co. v. Bensen, 176 Conn. 304, 306, 407 A.2d 971
(1978). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party." Connell v. Colwell,214 Conn. 242, 247, 571 A.2d 116 (1990). "`To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.'" Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984), quoting Dougherty v. Graham, 161 Conn. 248,250, 287 A.2d 382 (1971).
The defendant argues that the third and fourth counts of the substitute complaint allege new causes of action which were not alleged in the original complaint. The defendant argues that these causes of action, therefore, do not relate back to the original complaint. The defendant argues that General Statutes 52-584, the two year statute of limitations applicable to negligence and reckless or wanton misconduct, applies to these claims; therefore, the claims are barred, since the defendant's conduct allegedly occurred on April 26, 1988 and the substitute complaint was filed on August 27, 1990.
The plaintiff addresses the third and fourth counts separately. With regard to the third count, the plaintiff argues that amendment of a complaint is not barred by the statute of limitations if the amended complaint alleges the same basic facts as the original complaint. Plaintiff argues that the third count of the substitute complaint alleges the same basic facts as were alleged in the original complaint, since the prayer for relief of the original complaint sought double or treble damages CT Page 4879 pursuant to General Statutes 14-295. Plaintiff argues that by referring to this statute, she was alleging deliberate and/or reckless misconduct. Hence, plaintiff argues, the allegations of deliberate and/or reckless misconduct of the third count of the substitute complaint are allegations which were pleaded in the original complaint.
With regard to the fourth count, the plaintiff argues that she has pleaded the cause of action of intentional assault and battery. Hence the plaintiff, argues that the three year statute of limitations of General Statutes 52-577 is applicable, and the assault and battery cause of action is not barred.
I. COUNT THREE
"No action to recover damages for injury to the person. . .caused by negligence, or by reckless or wanton misconduct, . . .shall be brought but within two years from the date when the injury is first sustained." General Statutes 52-584.
"An amendment to a complaint relates back to the institution of the action for some purposes;. . .but when it sets up a new and different cause of action it speaks as of the date when it is filed." Kelsall v. Kelsall,139 Conn. 163, 165, 90 A.2d 878 (1952); see also Keenan v. Yale New Haven Hospital, 167 Conn. 284, 285, 355 A.2d 253
(1974).
 "`A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . . "A right of action of law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of the right and that delict constitute the cause of action." Pavelka v. St. Albert Society, 82 Conn. 146, 147, 72 A. 725 [1909]. A change in, or an addition to, a ground of negligence or an act of negligence arising out of the single group of facts which was originally CT Page 4880 claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action. . . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated. . . .'" (Citations omitted.) Sharp v. Mitchell, supra, 71-72, quoting Gallo v. G. Fox Co., 148 Conn. 327, 330, 170 A.2d 724 (1961).
 We have previously recognized that our relation back doctrine "is akin to rule 15(c) of the Federal Rules of Civil Procedure, which provides in pertinent part: `(c) RELATION BACK OF AMENDMENTS. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.'" Giglio v. Connecticut Light Power Co., supra, 239-40; see also Sharp v. Mitchell, supra, 72. The policy behind rule 15(c) is that a party, once notified of litigation based upon a particular transaction or occurrence, has been provided with all the notice that statutes of limitations are intended to afford. 3 J. Moore, Federal Practice (2d Ed.) 15.15.[3]; see Sharp v. Mitchell, supra; Giglio v. Connecticut Light Power Co., supra, 240. Because rule 15 provides that an amendment relates back where the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, the objectives of our statute of limitations, namely to protect parties from having to defend against stale claims, if fully served. C. Wright, Law of Federal Court (2d Ed. 1970) p. 276; Sharp v. Michell, supra; Giglio v. Connecticut Light Power Co., supra.
Gurliacci v. Mayer, 218 Conn. 531, 546-48, 590 A.2d 914
(1991). CT Page 4881
In Gurliacci v. Mayer, supra, the plaintiff alleged in the original complaint that a defendant was negligent, and in an amended complaint, the plaintiff added allegations that this defendant acted either wilfully, wantonly and maliciously, or outside the scope of his employment. Id., The court held that the amended complaint related back to the original complaint for purposes of the statute of limitations, because "[t]he new allegations did not inject `two different sets of circumstances and depend on different facts';. . .but rather amplified and expanded upon the previous allegations but setting forth alternate theories of liability." (Citations omitted.) Id., 549.
Several superior court decisions have held that where the plaintiff has pleaded negligence in the original complaint, an additional count alleging recklessness in the amended complaint relates back to the original complaint for purposes of the statute of limitations. Matises v. Matarese, 6 CTLR 577 (June 22, 1992, Katz, J.) (relying on Gurliacci v. Mayer, supra); Leen v. Diocese of Bridgeport, 6 CTLR 63 (February 24, 1992, Rush, J.) (relying on Gurliacci v. Mayer, supra); Landes v. Anchor's Away Seafood, 6 CTLR 339 (April 27, 1992, Pickett, J.) (reasoning that because the recklessness claim is derived from the same group of facts which give rise to the negligence claim of the original complaint, the amended complaint does not present a new cause of action).
In the present case, the plaintiff's original complaint alleged that the collision was caused by the defendant's negligence. In the third count of the substitute complaint and amended substitute complaint, the plaintiff alleges the same facts which she alleged in the first count of the complaint, and the plaintiff expands upon the original allegations by alleging deliberate or reckless misconduct. Pursuant to the holding of Gurliacci v. Mayer, supra, we conclude that the allegations of the third count relate back to the original complaint for purposes of the statute of limitations. Accordingly, the defendant's motion for summary judgment as to count three is denied.
II. COUNT FOUR
"No action founded upon a tort shall be brought but CT Page 4882 within three years from the date of the act or omission complained of." General Statutes 52-577. The appropriate statute of limitations for intentional torts, including battery, is General Statutes 52-577, not General Statutes52-584. Alteiri v. Colasso, 168 Conn. 329, 332,362 A.2d 798 (1975).
In the present case, the plaintiff alleges that the collision occurred on April 26, 1988. The plaintiff brought her cause of action for intentional assault and battery in the fourth count of the substitute complaint filed on August 27, 1990. Since the plaintiff has met the three year statute of limitations of General Statutes 52-577, the fourth count is not barred. Accordingly, the defendant's motion for summary judgment as to count four is denied.
Mary R. Hennessey, Judge