[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: REQUEST TO AMEND (NO. 110.50) OBJECTION TO REQUEST TO AMEND (NO. 111.00) CT Page 6158
On April 21, 1993, the plaintiff filed a request for leave to amend his revised complaint and a copy of his amended complaint. On April 30, 1993, the defendant filed an objection to the plaintiff's request for leave to amend the revised complaint. The defendant objects on the grounds that the amended complaint contains new allegations which do not relate back to the original complaint and are therefore alleged after the applicable two year statute of limitations.
"[A] party may amend his pleadings . . . at any time subsequent to that stated in [175]. . . [b]y order of court . . . ." Practice Book 176. It is axiomatic that the trial court has wide discretion in granting or denying amendments before, during, or after trial. Saphir v. Neustadt, 177 Conn. 191, 206,413 A.2d 843 (1979).
If the amendment is granted, then it relates back to the beginning of the action. Motiejaitis v. Johnson, 117 Conn. 631,638, 169 A. 606 (1933). However, when the amendment sets up a new action, the relation back doctrine does not apply. Kelsall v. Kelsall, 139 Conn. 163, 90 A.2d 878 (1952). There has been considerable confusion and conflict among courts attempting to discern what constitutes a new cause of action. However, courts agree that the amendment and the original complaint must arise from a single group of facts claimed to have brought about an unlawful injury to the plaintiff which entitles the plaintiff to relief. Jonap v. Silver, 1 Conn. App. 550,556, 474 A.2d 800 (1984). "A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action. (Citations omitted.)" Id., quoting Saphir v. Neustadt, supra 207.
"A change in, or an addition to, a ground of negligence or an act of negligence arising out of a single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action." Sharp v. Mitchell, 209 Conn. 59, 71, 546 A.2d 846 (1988).
 It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity CT Page 6159 of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated. Id., 71-72
Therefore, where the amendment and the original complaint involve different sets of circumstances and depends on different facts to prove or disprove a different legal theory, then a new cause of action has been asserted. Id., 73. Accordingly, the original complaint would not provide fair and adequate notice of the allegations claimed in the amendment. Thus, the allegations contained in the amendment will not relate back to the original complaint. Id.
In the present action, the plaintiff alleged in the relevant portions of his revised complaint that:
 5. On the 25th day of April 1989, the plaintiff, while lawfully on the premises abovementioned, was caused to slip and fall upon a substance or item upon the floor of said supermarket, to wit: a grape or grapes, due to the negligence of the defendant, its agents, servants and or employees.
 6. The defendant by its agents, servants and/or employees and/or should have inspected said premises.
 7. The defendant, its agents, servants, and/or employees negligently and carelessly maintained said premises in that they caused and permitted a dangerous condition to exist. To wit: grape(s) on the floor of the supermarket.
 8. The defendant, its agents, servants and/or employees negligently and carelessly maintained said premises in failing to clean the dangerous condition, to wit: the grape(s), from said aisle.
 9. The defendant, its agents, servants and/or employees negligently and carelessly maintained said premises in improperly cleaning the aisle.
 10. The defendant, its agents, servants and/or employees negligently and carelessly maintained said premises in CT Page 6160 failing to warn the plaintiff in particular, and the public in general, of the aforesaid dangerous and hazardous condition. to wit: the grape(s) on the floor.
 11. The defendant, its agents, servants and/or employees negligently and carelessly maintained said premises in failing to provide safe passageway for the plaintiff and in generally being careless.
 12. The defendant by its agents, servants and/or employees permitted said premises to be and remain in an unsafe, hazardous and dangerous condition.
(See plaintiff's Revised Complaint, dated June 26, 1991.) In his amended complaint the plaintiff seeks to add the following paragraphs, although the two year statute of limitations has expired.
 6. The injuries and losses sustained by the plaintiff were caused by the negligence of the defendant, its agents, servants and employees in one or more of the following respects:
 c. In that the defendant sold produce in an aisle containing a linoleum tile floor when the defendant knew or should have known that vegetable waste accummulated [accumulated] on the floor of the produce aisle, and that a tile floor was unreasonably slippery and dangerous.
 d. In that the defendant failed and refused to install carpeting or other non-skid surface on the tile floor in the produce aisle;
(See plaintiff's amended complaint, filed April 21, 1993.) The plaintiff argues that the original complaint serves to provide the defendant with fair notice that it had negligently maintained a defective passageway and that the amended complaint merely amplifies the revised complaint by specifying some of the ways that the defendants were negligent.
In Patterson v. Szabo Food Service of New York, Inc.,14 Conn. App. 178, 183, 540 A.2d 99 (1985), plaintiff originally alleged that the defendant failed to keep the floor, upon which the plaintiff fell, clean and free of food deposits. In the substituted complaint, the plaintiff alleged that the defendant CT Page 6161 installed or maintained a slippery floor and employed a method of food distribution which created a dangerous condition on the allegedly slippery floor. Id. The Appellate Court ruled that the substituted complaint "present[ed]" a new and different factual situation from that stated in the original complaint and that it therefore stated a new and different cause of action. Id.
In the instant case, the substance of the allegations contained in plaintiff's revised complaint is that defendant was negligent and careless in failing to clean and maintain a safe passage way in the produce aisle. In contrast the plaintiff alleges in his amended complaint "that a tile floor was unreasonably slippery and dangerous" and that the defendant "failed and refused to install carpeting or other non-skid surface on the tile floor in the produce aisle." The plaintiff seeks to interject through his amended complaint a new cause of action alleging that the defendant's use of a tile floor in the produce aisle created a dangerous condition. The revised complaint was limited to defendant's alleged negligence in maintaining the passageway.
Therefore, the plaintiff's amended complaint arises out of a different set of factual circumstances than those alleged in the revised complaint. Accordingly, the plaintiff's request for leave to amend is denied and the defendant's objection to plaintiff's request for leave to amend is sustained.
BALLEN, JUDGE