[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DEFENDANT'S OBJECTION TO REQUEST TO AMEND (NO. 120)
"[A] party may amend his pleadings . . . at any time subsequent CT Page 6227-w to that stated in [section 175] . . . [b]y order of court. . ." Practice Book 176. It is axiomatic that the trial court has wide discretion in granting or denying amendments before, during, or after trial.
Saphir v. Neustadt, 177 Conn. 191, 206, 413 A.2d 843 (1979).
If the amendment is granted, then it relates back to the beginning of the action; Motiejaitis v. Johnson, 117 Conn. 631,638, 169 A. 606 (1933); unless the amendment sets up a new cause of action. Kelsall v. Kelsall, 139 Conn. 163, 90 A.2d 878
(1952). Although there has been considerable confusion and conflict among courts attempting to discern what constitutes a new cause of action, courts agree that the amendment and the original complaint must arise from a single group of facts claimed to have brought about an unlawful injury to the plaintiff entitling the plaintiff to relief. Jonap v. Silver,1 Conn. App. 550, 556, 474 A.2d 800 (1984). "A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence CT Page 6227-x of that right and that delict constitute the cause of action."' (Citations omitted.)" Id., quoting Saphir v. Neustadt, supra, 207.
"A change in, or an addition to, a ground of negligence or an act of negligence arising out of a single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action." Sharp v. Mitchell, 209 Conn. 59, 71, 546 A.2d 846 (1988).
 It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated Id., 71-72.
Therefore, where the amendment and the original complaint involve two different sets of circumstances and depend on CT Page 6227-y different facts to prove or disprove the allegations of a different basis of liability, then a new cause of action has been asserted. Id., 73. Accordingly, the original complaint would not provide fair and adequate notice of the allegations claimed in the amendment. Id., Thus the allegations contained in the amendment will not relate back to the original complaint. Id.
In the present action, the plaintiff's original complaint contained four counts. In the first count of his original complaint, the plaintiff alleged that defendant Gordon Arnette acted intentionally, willfully and/or wantonly in causing plaintiff's injuries. In the second count of his original complaint, the plaintiff alleged that defendant Gordon Arnette acted negligently and carelessly in causing plaintiff's injuries. In the third count of his original complaint, the plaintiff alleged that defendant Donna Arnette, defendant Gordon Arnette's parent or guardian, is jointly and severely liable for defendant Gordon Arnette's intentional willfull, and/or wanton actions under General Statutes 52-572. In the fourth count of plaintiff's original complaint, the plaintiff alleged that Donna CT Page 6227-z Arnette, as parent or guardian, is jointly and severely liable for defendant Gordon Arnette's negligent and careless actions.
In his amended complaint, the plaintiff asserts the exact same allegations found in the four counts of the original complaint. However, the amended complaint contains a fifth count. In the fifth count of the amended complaint, the plaintiff alleges that defendant Donna Arnette "is legally liable to the plaintiff for the incident . . . due to her failure to restrain the said Gordon Arnette, her child whom she knew to possess dangerous tendencies."
The defendants object to the plaintiff's request for leave to amend on the grounds that count five of plaintiff's amended complaint alleges an entirely new cause of action and is untimely in that the applicable statute of limitations expired on November 15, 1992.
In the third and fourth counts of both the original and amended complaint, the plaintiff seeks to recover from defendant Donna Arnette based upon General Statutes 52-572. Pursuant to CT Page 6227-aa General Statutes 52-572, a plaintiff can recover from the parent or guardian of an unemancipated minor for the actions of the minor which caused the plaintiff's injuries. In the third and fourth counts the plaintiff seeks to hold defendant Donna Arnette jointly and severely liable for the intentional, wanton, willfull, negligent, and careless acts of her son, Gordon Arnette.
In the fifth count of his amended complaint, the plaintiff seeks to recover from defendant Donna Arnette due to her own actions. Plaintiff alleges that Donna Arnette knew of her son's dangerous tendencies, but did not restrain him. Therefore, the fifth count of plaintiff's amended complaint arises out of a different set of factual circumstances than those alleged in the third and fourth counts of the original and amended complaints.
Accordingly, the plaintiff's fifth count can not relate back to the date that the original complaint was filed. Thus, the plaintiff's request for leave to amend is denied and the defendant's objection to plaintiff's request for leave to amend is sustained. CT Page 6227-bb
BALLEN, JUDGE