[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR DISCHARGE OF PURCHASER'S LIEN
This matter originated in 1989 when the plaintiff, Jack Grassi ("Grassi") executed an agreement to sell property to the plaintiff, Peter M. Brant, ("Brant"). Pursuant to the agreement between the parties, Brant paid Grassi the sum of $1,000,000.00 as a deposit. However, the closing did not occur due to environmental problems and Brant claims that Grassi is obligated to return the deposit to him.
The agreement between the parties was dated November 1, 1989 and, on November 13, 1989, Brant filed a copy of the Agreement on the Greenwich Land Records. By a complaint returnable in September of 1991, Brant sued Grassi on various legal theories, asserting a claim for the return of the deposit paid by Brant to Grassi. The complaint seeks that an order rescinding the Agreement and requiring Grassi to return the deposit; an order rescinding a certain assets sale Agreement; damages, prejudgment interest, costs and such other and further relief as the court deems just and proper.
Brant subsequently sought leave to amend the complaint to include a claim for the foreclosure of a purchaser's lien and, simultaneously, filed a motion to cite in additional defendants who had filed liens on the property subsequent to the recording of the Agreement on the Land Records. A hearing was held on Brant's pending motions on May 17, 1993 at which time the court granted CT Page 6204 Brant's Request for Leave to Amend and the motion to cite in additional parties. Service was subsequently made of the amended complaint on the new defendants and, in connection with the foreclosure count, Brant filed a notice of lis pendens on the Land Records.
Grassi has now brought the present application seeking to discharge the purchaser's lien on the grounds that Brant failed to commence an action to foreclose the lien within the two year period set forth in General Statutes 49-92(c). Brant, on the other hand, claims that the action to foreclose the lien set forth in the amended complaint relates back to the initial institution of the law suit in September of 1991 which was within a two year period from the date that the Agreement was filed on the Land Records.
Initially, Brant claims that Grassi has waived his rights to contest the foreclosure of the purchaser's lien because Grassi originally objected to the Request for Leave to Amend the Complaint and then withdrew that objection. However, the withdrawal of the objection by Grassi specifically states that the withdrawal is "without prejudice, specifically reserving their right to request that the plaintiff discharge the claimed purchaser's lien (since said lien is discharged by operation of law) and to file an application with the court to discharge the lien . . . and further reserving the right to move to strike count seven of the plaintiff's Amended Complaint." Under such circumstances the court can find no waiver, either voluntarily or by operation of law, with respect to the request to amend the complaint.
General Statutes 49-92(a) provides as follows:
 "A purchaser's lien is created for the amount of the deposit paid pursuant to and stated in a contract for the conveyance of land by the recording of that contract and the records of the town in which the land is situated, provided the contract is executed by the owner and by the vendee of the land, witnessed and acknowledged in the same manner as required for a deed for the conveyance of land, and describes the particular land to which it refers. That purchaser's lien shall be prior to any other liens and encumbrances originating after the contract is recorded. A purchaser's lien may be foreclosed in the same manner as a mortgage. Transfer of title of the land to the vendee constitutes a release and discharge of the lien." CT Page 6205
General Statutes 49-92(c) provides that:
 "No purchaser's lien shall continue in force for a period longer than two years after such lien has been perfected, unless the party claiming such lien, within said period, commences an action for foreclose the same and proceeds therewith to final judgment. Each such lien, after the expiration of two years without action commenced, shall be discharged of record by the person claiming the same, upon request of the owner of the property upon which such lien has been claimed."
General Statutes 49-92(d) provides:
 "The town clerk of the town on which the purchaser's lien is filed shall, upon request of any person having an interest in the real estate covered by the lien, caused to be entered upon the land records a notation that the lien and, if applicable, a lis pendens or notice of foreclosure, is discharged by operation of law, provided the purchaser's lien has expired by a provision of the statute of limitations, and (1) no lis pendens or notice of foreclosure of the lien has been filed with that town clerk, or (2) if a lis pendens or notice of foreclosure has been so filed or recorded and a certificate, issued by the clerk of the court to which the notice referred after the return day of the foreclosure action and indicating that no such foreclosure remains pending and no judgment has been entered in the action in that court, has been filed per record with the town clerk."
General Statutes 49-92(e) provides:
 "Any person, having an interest in any real estate described in any recorded contract of sale creating a purchaser's lien which is invalid but not discharged of record, may give written notice to the lienor to discharge the lien in the office where recorded. If the request is not complied with in ten days that person may bring his complaint to the court which would have jurisdiction of the foreclosure of the lien, if valid, claiming such discharge of the lien, and the court may adjudge to the validity or invalidity of the lien and may award to the plaintiff damages for the failure of the defendant to make a discharge upon request. A certified copy of the judgment of invalidity, recorded on the land records of the town where such certificate of lien was filed, CT Page 6206 fully discharges the lien."
It is apparent that an action to foreclose a lien instituted in 1993 is more than two years after the date the Agreement was recorded on the land records in November of 1989. Therefore, such an action could be contrary to the provisions of General Statutes49-92c unless that action relates back to the institution of the initial law suit in September of 1991.
"An amended complaint, if permitted, relates back to and is treated as filed at the time of the original complaint, unless it alleges a new cause of action. . . A cause of action must arise from a single group of facts . . . The test for determining whether or not a new cause of action has been alleged is somewhat nebulous. `To relate back to the institution of the action the amendment must arise from a single group of facts . . .' A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . `A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action'. . . An amendment may properly expand or amplify what had originally been alleged in support of the cause of action . . . A change in the allegations of liability, therefore, does not necessarily amount to the introduction of a new cause of action. . . Where an entirely new and different factual situation is presented, however, a new and different cause of action is stated." (Citations omitted). Jonap v. Silver, 1 Conn. App. 550, 555-556
(1984). See also, Kelsall v. Kelsall, 139 Conn. 163, 165 (1952).
In the present situation, Brant is seeking to establish a purchaser's lien which would require that he demonstrate not only that a contract existed but also that it was executed and recorded and that the contract was witnessed and acknowledged in the same manner as required for a deed of the conveyance of property. None of those facts are a necessary ingredient to the establishment of the right to a return of the deposit as alleged in the 1991 complaint and therefore constitute a new state of facts which governs the basis for the foreclosure of the statutory lien. In addition, the foreclosure of that lien might expose Grassi for liability for attorney's fees resulting from a foreclosure of the lien as provided in General Statutes 52-249.
The court therefore holds that the action to foreclose the CT Page 6207 purchaser's lien does not relate back to the institution of the initial law suit in 1991 and, therefore, the lien is not enforceable pursuant to the provisions of General Statutes 49-92c. Accordingly, the court holds that the purchaser's lien is invalid and is discharged and that the notice of lis pendens filed in connection therewith is likewise discharged.
RUSH, J.