[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS'MOTION FOR RECONSIDERATION
this court had previously ruled on the defendants' objection to the plaintiff's request for leave to file amendment to the amended complaint. The court overruled the objection to plaintiffs' request to amend the first four counts of the complaint by adding allegations of recklessness as causing the plaintiff Cheng-Hock Lau's injuries and deficits.
The court sustained the objections to the proposed amendment to the fifth count of the complaint, a count based on claimed loss of consortium. The proposed amendment to the fifth count sought to add the following paragraphs:
 41. Because of the negligence of the defendants, Grace Lau will be required to undergo a micro-manipulation in vitro fertilization surgical procedure in order to attempt to have children with her husband, Cheng-Hock Lau.
 42. As part of said micro-manipulation procedure, it will be necessary to imbed three fertilized eggs in Grace Lau.
 43. As a result of said micro-manipulation procedure, Grace Lau may be forced to give birth to multiple children, rather than the one additional child she and her husband planned to have.
 44. Because of said micro-manipulation procedure, Grace Lau may be forced to incur the cost of raising multiple children.
 45. As a further result of said micro-manipulation procedure, Grace Lau will incur medical expenses.
46. As a further result of said micro-manipulation CT Page 11373 procedure, Grace Lau will suffer mental anguish, emotional distress, pain and suffering.
In addition, the plaintiff, Grace Lau, sought to add paragraphs 47 and 48, which reiterated the allegations of recklessness added in the first and second counts against the defendants.
The court sustained the objections to the fifth count because it contained new allegations of a cause beyond the scope of the loss of consortium claim and this new cause was barred by the statute of limitations.
The plaintiff, Grace Lau, has moved for the court for reconsideration and the court has heard the parties on this motion.
1. Insofar as the original ruling sustained the entire objection to the proposed amendment to the Fifth Count, that ruling is corrected so as to overrule the objections to the addition of paragraphs 47 and 48, which purport to add claims of recklessness permitted in the First and Second Counts.
2. As to that portion of the proposed amendment based on possible consequences of a medical procedure on the person of Grace Lau in an effort to have children by the husband, Cheng-Hock Lau, the original ruling stands.
Since the proposed amendment does not merely amplify or expand upon Grace Lau's claim for loss of consortium, but alleges a different set of facts and circumstances, the plaintiffs have introduced a new and additional cause of action on behalf of Grace Lau. The court agrees with the defendants that the proposed amendment is therefore barred by the statute of limitations, because it is brought more than two years after the date of the injury to the plaintiff, Cheng-Hock Lau. Sharp v.Mitchell, 209 Conn. 59, 72-73, 546 A.2d 846 (1988).
"Amendments relate back to the date of the complaint unless they allege a new cause of action. Baker v. Baker, 166 Conn. 476,486, 352 A.2d 277. An amendment to a complaint which sets up a new and different cause of action speaks as of the date when it is filed. Kelsall v. Kelsall, 139 Conn. 163, 165, 90 A.2d 878; see Gallo v. G. Fox Co., 148 Conn. 327, 330, 170 A.2d 724;Consolidated Motor Lines, Inc. v. M M Transportation Co.,
CT Page 11374128 Conn. 107, 108, 20 A.2d 621." Keenan v. Yale New HavenHospital, 167 Conn. 284, 355 A.2d 253 (1974).
The previous ruling of this court on the plaintiffs' request for leave to file amendment to the amended complaint is reconsidered and modified as indicated above.
NIGRO, J.